# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN C. DIXON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:13CV691SNLJ |
| | ) (NCC) |
| TROY STEELE, | ) |
| | ) |
| Respondent, | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (Doc. 12). After reviewing the case, the court has determined that Petitioner is not entitled to relief. As a result, the court will recommend that the Petition be dismissed and that the requested relief be denied.

## I.
## BACKGROUND

Petitioner was charged with one count of first-degree murder and abuse of a child, resulting in death. (Resp. Ex. A at 27). Petitioner plead guilty to an amended charge of murder in the second degree, in violation of Mo. Rev. Stat. §

565.021(2), and to abuse of a child resulting in death, a class A felony, in violation of Mo. Rev. Stat. § 568.060. (Resp. Ex. A at 1).

At the plea hearing, the prosecutor stated that the evidence would show that, on March 24, 2009, Jamieon Mosby, an eight month old child, "who was in the custody or care of" Petitioner, began to cry. Petitioner "got upset. He took the child. He struck the child's head against the wall, resulting in the child's death through cardiac arrest and other complications from the head trauma." The prosecutor further stated that, based upon that evidence, the State would show that Petitioner "inflicted cruel and inhuman punishment upon the child, and that would support the fact of abuse of a child" as well as "a felony murder in the perpetration of the abuse of the child." (Resp. Ex. A at 12). In response to the court's asking Petitioner if the evidence stated by the prosecutor regarding both charges was "substantially correct," Petitioner responded that it was. (Resp. Ex. A at 12).

The court sentenced Petitioner to concurrent sentences of twenty-five years in prison for each charge, as recommended in the plea agreement. (Resp. Ex. at 19-20, 24-26). Petitioner then filed a pro se post-conviction relief motion. (Resp. Ex. A at 32-42). Counsel was appointed and filed an amended motion. (Resp. Ex. A at 44-61). The motion court denied Petitioner's post-conviction relief motion (Resp. Ex. A at 62-76), and he appealed that decision to the Missouri appellate

court (Resp. Ex. B). By decision, dated November 13, 2012, the Missouri appellate court affirmed the decision of the motion court. (Resp. Ex. E).

Petitioner filed a timely § 2254 Petition, in which he makes the following claims:

> **Ground 1:** Petitioner's convictions for both felony murder and abuse of a child violate the constitutional prohibition against double jeopardy; and
>
> **Ground 2:** Petitioner received ineffective assistance of counsel because his trial counsel failed to file a motion to dismiss the child abuse charge, and, as a result, Petitioner's convictions for both the felony murder charge and abuse of a child violated the constitutional prohibition against double jeopardy.

## II.
## EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is to abandon a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims'. . . is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Sweet, 125 F.3d at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not

only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court has held that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 n.9 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence." Schlup, 513 U.S. at 327 (emphasis added). Evidence is "new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.

Petitioner's § 2254 Petition was filed within the statutory limitations period. Petitioner raised the issue of Ground 1 before the Missouri appellate court. Before this court, Respondent argues that Petitioner has procedurally defaulted Ground 2 because, although Petitioner raised the ineffective assistance of counsel claim of Ground 2 in his amended post-conviction relief motion, he did not raise it before the Missouri appellate court. (Resp. Ex. A at 50; Doc. 8 at 9). The court agrees, and finds that Petitioner has procedurally defaulted Ground 2. See Sweet, 125 F.3d at 1149-50. In his reply to the Response to Order to Show Cause (Petitioner's Traverse), Petitioner does not suggest any reason to excuse his procedural default of Ground 2; in fact, he does not address Ground 2. As such, the court finds that Ground 2 is not properly before this court and will recommend that relief on its basis be denied.[1]

---

[1] In Ground 2, Petitioner alleges ineffective assistance of counsel based on his trial counsel's failure to file a motion to dismiss the charge for abuse of a child resulting in death. Petitioner does not elaborate, before this court, the basis for this claim, but before the motion court he argued that counsel should have filed such a motion because of the double jeopardy violation claimed in Ground 1. (Resp. Ex. A at 58-9). Even if the court were to consider Petitioner's Ground 2 on its merits, the court would find that Petitioner has failed to show that he is entitled to relief based on Ground 2. A claim of ineffective assistance of counsel requires a petitioner to show both that counsel's performance was unreasonable and that he suffered resulting prejudice. See Strickland v. Washington, 466 U.S. 668 (1984). Given that the court finds below that Petitioner's underlying claim that his convictions for

5

# III.
# MERITS STANDARD

"In the habeas setting, a federal court is bound by the AEDPA[2] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but

---

both crimes was double jeopardy is without merit, Petitioner would be unable to establish that he suffered prejudice as a result of counsel's failure to file a motion to dismiss the charge for abuse of a child resulting in death.

[2] The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254.

6

applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

## IV.
## DISCUSSION

In Ground 1, Petitioner claims his convictions for both felony murder and abuse of a child violate the constitutional prohibition against double jeopardy. Petitioner argues that his convictions violated the Double Jeopardy Clause of the United States Constitution because "the Missouri legislature never specifically authorized punishment for both felony murder and Class A abuse of a child." (Doc. 11 at 8). Petitioner acknowledges that a double jeopardy violation does not arise where a State legislature has specifically authorized cumulative punishment under two statutes, and that, under such circumstances, a court may impose cumulative punishment in a single proceeding without offense to the Double Jeopardy Clause. (Doc. 11 at 10). Citing Blockburger v. United States, 284 U.S. 299 (1932), Petitioner argues the Missouri legislature did not authorize cumulative punishment for the crimes to which he plead guilty and of which he was convicted

7

(Doc. 11 at 17), and that his convictions violated the Double Jeopardy Clause because the same act constituted the basis for both convictions (Doc. 11 at 18).

Upon addressing the issue of Petitioner's Ground 1, the Missouri appellate court considered that the Fifth Amendment to the United States Constitution prohibits double jeopardy; that this requirement is applicable to the States; that the protection prohibits a second prosecution for the same offense after a conviction or acquittal and prohibits multiple punishments for the same offense; that the prohibition against cumulative punishment is distinct and "is designed to ensure that the sentencing discretion of the courts is confined to the limits established by the legislature"; that where cumulative punishment is at issue, the "analysis is limited to determining whether cumulative punishments were intended by the legislature"; and that, where the legislature has "specifically authorized cumulative punishment under two statutes that proscribe the same conduct, the trial court or jury may impose cumulative punishment under the statutes in a single trial without offending the double jeopardy clause." (Resp. Ex. E at 4). The Missouri appellate court then examined the relevant Missouri statutes pursuant to which Petitioner was convicted to determine the legislative intent and concluded:

> As stated by the motion court and admitted by Movant, Missouri courts have previously held that convictions for felony murder and abuse of a child do not violate a defendant's right against double jeopardy. State v. Mendoza, 115 S.W.3d 873, 875-76 (Mo. App. W.D. 2003); State v. Bouser, 17 S.W.3d 130, 140 (Mo. App.

W.D. 2000); State v. Coody, 867 S.W.2d 661, 664-66 (Mo. App. S.D. 1993).

In Coody, the court considered the legislature's intent regarding cumulative punishment for the defendant's convictions under sections 565.021.1(2) and 568.060. 867 S.W.2d at 663, 666. The court recognized that when the legislature rewrote Missouri's felony murder rule in 1984 "it was with the explicit expression of intention that punishment for the felony murder shall be in addition to the punishment for commission of a related felony or attempted felony, other than murder or manslaughter. [Section] 565.021.2, RSMo 1986." Id. at 666 (internal quotations and citation omitted). The court held that "[i]n as much as our felony murder statute 'expressly intends multiple punishments for both second degree felony murder and the underlying felony, such punishments when imposed in a single trial do not constitute double jeopardy." Id. (citation omitted).

In Bouser, the court also recognized that the legislature's amendment of section 565.021.2 "specifically allows 'the punishment for second degree murder shall be in addition to the punishment for commission of a related felony or attempted felony, *other than murder or manslaughter*.'" 17 S.W.3d at 140 (rejecting the defendant's merger doctrine argument). The court then stated that, "'Statutory expression of one thing implies the exclusion of another.'" Id. (citation omitted). The court held that only murder or manslaughter would merge into the homicide for purposes of punishment because no other felonies were expressly mentioned. Id. The court also noted that "[c]onvictions for both abuse of a child and felony murder have been upheld as not in violation of double jeopardy despite claims that the child abuse felony merged with the homicide." Id. The court stated that "[i]t would appear counter-intuitive to hold that the felony child abuse cannot serve as a basis for the conviction of second degree felony murder under [section] 565.021.1(2)." Id.

In Mendoza, the defendant acknowledged that section 565.021.2 specifically authorizes cumulative punishment for any felony other than murder or manslaughter. 115 S.W.3d at 876. But the defendant asserted that "'the legislature simply overlooked the child abuse statute,' which . . . is analogous to involuntary manslaughter in that the prosecutor is not required to prove that the

9

defendant's actions were intended to cause death." Id. The court rejected this argument and found that the analysis in Coody was persuasive. Id. (quoting Coody, 867 S.W.2d at 666). The court concluded that the defendant's double jeopardy rights were not violated for his abuse of a child and felony murder convictions. Id.

These cases make clear that the legislature intended cumulative punishment for convictions under sections 565.021.1(2) and 568.060. Accordingly, Movant's double jeopardy claim fails.

(Resp. Ex. E at 5-7) (emphasis in original).

The court will consider federal law applicable to Petitioner's Ground 1. In Dodge v. Robinson, 625 F.3d 1014, 1017-18 (8th Cir. 2010), the Eighth Circuit explained:

> The Fifth Amendment's Double Jeopardy Clause provides a criminal defendant with three protections. Bally v. Kemna, 65 F.3d 104, 106 (8th Cir. 1995). The first two guard against successive prosecution, either after an acquittal or after a conviction. Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Neither of these protections is at issue here. Instead, Dodge advances his claim under the Double Jeopardy Clause's protection against cumulative punishment. This double-jeopardy protection limits the judicial branch by "assuring that the [sentencing] court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Id. In multiple-punishment cases, the court's role is strictly cabined. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
>
> The third double-jeopardy protection, then, turns on legislative intent. "[T]he question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). In

10

deciding whether cumulative punishment is intended, a court's "starting point must be the language of the statutes." Id. at 336, 101 S.Ct. 1137. Where "a legislature specifically authorizes cumulative punishment under two statutes, . . . a court's task of statutory construction is at an end." Hunter, 459 U.S. at 368-69, 103 S.Ct. 673. However, where, as in this case, neither statute specifically authorizes cumulative punishment, courts generally apply the rule of construction announced in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304, 52 S.Ct. 180.

It is important not to overstate the Blockburger "same-elements" test's role under this third double-jeopardy protection. It does not limit the legislative branch, which has "the substantive power to define crimes and prescribe punishments." Jones v. Thomas, 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989). "Where [the legislature] intend[s] . . . to impose multiple punishments, imposition of such sentences does not violate the Constitution." Albernaz, 450 U.S. at 344, 101 S.Ct. 1137. Rather, Blockburger is simply a rule of statutory construction. This distinction is critical to the disposition of this case, because where, as here, a defendant challenges cumulative punishment imposed for violations of state law, whether this cumulative punishment is authorized by the legislature is a question of state law. See Hunter, 459 U.S. at 368, 103 S.Ct. 673.

The Supreme Court repeatedly has held, in the double-jeopardy context, that whether a state legislature intends cumulative punishment for two offenses is an issue of state law, over which state courts have final authority. In Hunter, for example, the Court declined to reexamine the Missouri Supreme Court's conclusion that cumulative punishment was intended for the Missouri offenses at issue in that case, maintaining that "[w]e are bound to accept the Missouri court's construction of that State's statutes." Id. And again in Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), the Court refused to revisit the Ohio Supreme Court's determination of the Ohio legislature's intent, simply stating that "[w]e accept, as we must, the Ohio Supreme Court's determination

> that the Ohio Legislature did not intend cumulative punishment for the two pairs of crimes involved here." Id. at 499, 104 S.Ct. 2536.

First, to the extent that the Missouri appellate court relied on its interpretation of Missouri law, upon concluding that the Missouri legislature intended cumulative punishment for murder and abuse of a child, issues concerning the interpretation and application of state law are not cognizable in federal habeas review. See Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) (holding that it is not the province of a federal habeas court to reexamine state court determinations on state law questions; petitioner's claim was based only on Missouri law and actions of Missouri officials and thus may be addressed only by the Missouri courts); Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (holding that error in the interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition); Jones v. Armontrout, 953 F.2d 404, 405 (8th Cir. 1992) (holding that an incorrect application of a Missouri statute, without more, does not establish that a prisoner is being held in violation of the laws or constitution of the United States, which is a prerequisite for relief under § 2254); Moore v. Steele, 2013 WL 3092186, at *4 (E.D. Mo. June 18, 2013).

Further, the United States Supreme Court held in Garner v. Louisiana, 368 U.S. 157, 166 (1961), that a federal court is "bound by a State's interpretation of its own statute and will not substitute [the federal court's] judgment for that of the

State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings of a state court." See also Dodge, 625 F.3d at 1019 ("We are bound by the Iowa courts' interpretation of Iowa law.").

Second, when considering whether there was a double-jeopardy violation in Petitioner's case, consistent with federal law, the Missouri appellate court considered that the pivotal issue was whether the legislature intended for there to be cumulative punishment. See id. Moreover, the Missouri appellate court's analysis of Petitioner's double jeopardy claim is consistent with Blockburger, 284 U.S. 299, and Dodge, 625 F.3d at 1017-18. As such, the court finds that the decision of the Missouri appellate court, in regard to Petitioner's Ground 1, is not contrary to federal law and is a reasonable interpretation of federal law. Additionally, the Missouri appellate court reasonably applied federal law to the facts of Petitioner's case. See Williams, 529 U.S. at 407-408, 413. The court finds, therefore, that Petitioner's Ground 1 is without merit and that habeas relief on its basis should be denied.

# VI.
# CONCLUSION

For the reasons stated above, the court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration

13

"that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not recommend a certificate of appealability issue or that in forma pauperis on appeal be granted. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**, and **DISMISSED** (Doc. 1);

**IT IS FURTHER RECOMMENDED** that no certificate of appealability should issue and that in forma pauperis on appeal not be granted. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Dated this 15th day of June, 2016.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE